USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAYAN ANGULO, CAMERON PILLE,
JANINA SALORIO, and XANDER BLACK,
individually and on behalf of all others
similarly situated,

                                    Plaintiffs,

                -against-

CLOWNS.COM, INC., ADOLPH
RODRIGUEZ a/k/a George Rodriguez a/k/a
George Adolph Rodriguez a/k/a George
Blackstone, and ERICA BARBUTO,

                                    Defendants.

23 Civ. 10983 (AT)

**ORDER OF DISMISSAL**

ANALISA TORRES, District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case.  *See* ECF No. 46.

An FLSA action shall not be dismissed pursuant to Rule 41 unless the settlement agreement has been approved by the Court or the Department of Labor ("DOL").  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) ("The concern of *Cheeks* was with the settlement that included as one of its terms the dismissal of the action, and not specifically with whether the dismissal was with prejudice or without.").

Accordingly, to the extent Plaintiffs seek dismissal pursuant to Rule 41, Plaintiffs—or the parties jointly—must either file a letter motion requesting that the Court approve the settlement agreement or, alternatively, provide documentation of the approval by DOL.  Any letter motion, along with the settlement agreement, must be filed on the public docket by **May 29, 2024**.  The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a bona fide dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees.  *See Cheeks*, 796 F.3d at 202, 207.

The parties are advised that they should be specific as to the range of possible recovery and the seriousness of the litigation risks faced so that the Court can evaluate the settlement, as "conclusory statements are insufficient." *Brito v. Alpine Constr. & Renovation Corp.*, No. 23 Civ. 2748, 2024 WL 323368, at *2 (S.D.N.Y. Jan. 29, 2024). Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 n.44 (S.D.N.Y. 2015).

In addition, absent compelling circumstances, the Court will not approve settlement agreements containing sweeping non-disclosure provisions, *see id.* at 179–80; *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015), or broad releases waiving claims having no relation to FLSA issues, *see Flood*, 2015 WL 4111668, at *2. Specifically, absent extraordinary circumstances, the Court shall not approve settlements that (1) "release from liability numerous entities beyond Defendants, including[] their predecessors, successors, assigns, parents, subsidiaries," and other entities; (2) "bind not only Plaintiff[] but also [his] successors, assigns, heirs, . . . and any legal and personal representatives"; and (3) require Plaintiff to release "any claim regarding unpaid or improperly paid wages," not only the claims involved in the instant action. *Velez v. S.T.A. Parking Corp.*, No. 23 Civ. 4786, 2024 WL 552781, at *3 (S.D.N.Y. Feb. 12, 2024). Such a "release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff ha[s] against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving, Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019).

Any request for attorneys' fees must be accompanied by supporting documentation. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Lopez*, 96 F. Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336).

The parties may consent to proceed before the Honorable Gary Stein, who would then oversee the approval of the settlement. If the parties consent to Judge Stein's jurisdiction, by **May 14, 2024**, they shall file on the docket a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, available at https://nysd.uscourts.gov/node/754. The parties are free to withhold consent without negative consequences. If the Court approves that form, all further proceedings will then be conducted before Judge Stein rather than before me. Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

SO ORDERED.

Dated: April 29, 2024
      New York, New York

                              ANALISA TORRES
                        United States District Judge