

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
www.lockelord.com

Richard J. Reibstein
Direct Telephone: 212-912-2797
Direct Fax: 212-812-8377
rreibstein@lockelord.com

July 31, 2024

**<u>Via ECF</u>**
Hon. Gary Stein, United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **Angulo et al v. Clowns.com, Inc. et al., No. 23-cv-10983 (GS)**

Dear Judge Stein:

Please accept this as a letter motion by defendants for reconsideration of your Order of July 23, 2024 (requiring the submission of a motion for approval of an FLSA satisfaction agreement under *Cheeks*). In the alternative, defendants request permission to file a motion to dismiss all federal claims with prejudice and all state claims without prejudice. **By this letter, defendants also seek an *immediate* stay of your July 23 Order pending your consideration of this motion for reconsideration and, as an alternative, pending your consideration of defendants' motion to dismiss, for the reasons set forth in Section D below**.

There are two important issues we address below.  First, because this resolution is a complete satisfaction (and not a settlement) of all federal claims, Supreme Court decisions as well as governing law addressing complete satisfactions confirm that this Court has no jurisdiction other than to dismiss this case, as there is no longer any case or controversy (subject only to confirming that there are no disfavored provisions in the parties' agreement fully satisfying all federal claims of the plaintiffs). Second, because *Cheeks* involves a *settlement* of an FLSA case, whereas this resolution is a complete *satisfaction* of nine (of the twelve) plaintiffs' FLSA claims, *Cheeks* and its progeny are inapplicable to an FLSA satisfaction agreement. Lastly, to the extent the parties request that this Court "so order" the Stipulation of Dismissal providing that this Court dismiss *without prejudice* the non-federal claims, *Cheeks* and its progeny do not apply and there is no jurisdictional basis for the Court to review the resolution of the non-federal claims.

We do appreciate, however, this Court's observation that "The parties' submission does not include any citations to case law or other authorities supporting th[e] position" that a full application pursuant to *Cheeks* "is unnecessary."  After reviewing this Court's July 23 Order, we also appreciate that the Court may require a copy of the parties' FLSA Satisfaction Agreement to confirm that there are no facts or circumstances that implicate *Cheeks*; i.e., that (a) there are no non-economic provisions of the type forbidden by the Second Circuit (such as any confidentiality or non-disparagement provisions; (b) that the release is limited solely to the FLSA claims of the nine plaintiffs and to no other claims; (c) that the amounts payable to the nine

Hon. Gary Stein
July 31, 2024
Page 2

FLSA plaintiffs have been calculated by the plaintiffs themselves without any limitation or involvement by defendants; and (d) that the amount of the legal fees payable to the plaintiffs' counsel of $1,832.82 is a modest amount, calculated at 25% of the plaintiffs' recovery. The FLSA Satisfaction Agreement is annexed hereto.

## A. Judicial Authority

### 1. No case or controversy

In *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), the Supreme Court addressed the need for a case or controversy to be extant for a federal court to have jurisdiction. It stated:

> Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. We have interpreted this requirement to demand that "an actual controversy ... be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (quoting (1975)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.,* 569 U.S., at ——, 133 S.Ct., at 1528 (quoting *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477–478 (1990)). [577 U.S. at 160-161.]

In the *Campbell* case, Justice Ginsburg delivered the Court's majority opinion in a case where a defendant made an offer of judgment under Rule 68 for complete relief but the offer was not accepted. The Supreme Court majority held that plaintiff's "complaint was not effaced by Campbell's unaccepted offer to satisfy his individual claim." *Id.* at 163. As the majority opinion notes, "[a]bsent Gomez's acceptance, Campbell's settlement offer remained only a proposal, binding neither Campbell nor Gomez." *Id.* The Court concluded: "In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint. That ruling suffices to decide this case." *Id.* at 165-166. The Supreme Court opinion did not end its opinion there, however. It added, in language that is directly on point to the facts and circumstances here, as follows:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at 166. Chief Justice Roberts, in a dissenting opinion, likewise addressed the situation (akin to the facts and circumstances herein) where full payment has been made satisfying the claims of the plaintiff. Although he would have found the Rule 68 offer of judgment sufficient to eliminate federal court jurisdiction, he likewise articulated that full payment of complete relief would also moot the case and remove federal court jurisdiction, just as the majority noted. He stated: "The majority holds that an *offer* of complete relief is insufficient to moot a case. The majority does not say that *payment* of complete relief leads to the same result." 577 U.S. at 184. Justice Roberts

Hon. Gary Stein
July 31, 2024
Page 3

also noted that "an admission of liability is not required for a case to be moot under Article III."
*Id.* at 183 n.3.

Here, as set forth in the annexed FLSA Satisfaction Agreement, plaintiffs and defendants have agreed in a mediated resolution that defendants will pay plaintiffs the full amount of their FLSA claims, including liquidated damages and their legal fees, i.e., that plaintiffs will secure complete relief for their FLSA claims. Unlike a Rule 68 offer of judgment which was not accepted, and even unlike a payment into court of the full amount of their claimed damages and legal fees, here the parties have done more: defendants have agreed to pay full relief and plaintiffs have agreed to accept same in a written agreement where defendants will pay such amounts within five days after the Court "so orders" the parties' stipulation dismissing the FLSA claims. See paragraph 1 of the FLSA Satisfaction Agreement.

The absence of a case or controversy seems to have arisen most often in the context of IRS cases, where a taxpayer files a lawsuit to recover a refund of federal income tax and the IRS chooses not to contest but rather simply pay the entire amount of the claimed refund plus statutory interest and, if sought by plaintiff, agree to refrain from taking action against the taxpayer. *See, e.g., Mann Construction, Inc. v. United States*, 86 F. 4th 1159 (6th Cir. 2023), which extensively referred to *Campbell-Ewald v. Gomez.* As the Sixth Circuit stated in *Mann*, "Once the plaintiffs have received all they sought, they no longer possess the 'personal stake' in the outcome of a lawsuit necessary to maintain standing." 86 F. 4th at 1162.

### 2. *Cheeks* is inapplicable to a genuine full satisfaction agreement with no unfavorable non-economic terms

By its very terms, *Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199 (2d Cir. 2015), is applicable only to *settlements* of FLSA cases.  Indeed, all of the cases in the Court's July 23 Order involve settlements of FLSA cases, not satisfactions.

This Court's July 23 Order cites to the Second Circuit's decision in *Fisher v. SD Protection Inc.*, 948 F. 3d 593, 607 (2d Cir. 2020). That case set forth the five factors that a court should consider in reviewing an FLSA settlement agreement under *Cheeks*, yet none of those five factors are applicable in a situation as here where the parties have entered into a complete satisfaction agreement and not a settlement agreement. Those five factors are "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 600 (quoting *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

Because this is a satisfaction case and not a settlement case, there is no "range of possible recovery." Rather, the recovery is the full amount that the plaintiffs here calculated it to be for each of the FLSA Plaintiffs. Further, because this is a full satisfaction agreement, the issue as to whether there would be any further expenses for any of the parties to incur to establish their

Hon. Gary Stein
July 31, 2024
Page 4

respective claims and defenses is meaningless, where here full recovery has been agreed to. Likewise, there are no litigation risks faced by the parties in a full satisfaction agreement. In addition, there is no question that counsel for the plaintiffs are experienced and that the FLSA satisfaction was the subject of bargaining (indeed, the matter was mediated before an experienced and well-respected mediator). In this situation, there is no circumstances that conceivably suggest fraud or collusion.

Other cases cited by the Court in its July 23 Order raise the issue as to whether there are any non-economic terms to which the parties agreed but that are disfavored by the Second Circuit. As shown in the annexed FLSA Satisfaction Agreement, there is no provision regarding confidentiality of the FLSA Satisfaction Agreement, no non-disparagement clause, and the release is limited solely to the FLSA claims. Indeed, the FLSA Satisfaction Agreement is a plain vanilla complete relief agreement that was negotiated and drafted purposely to avoid any of the non-economic terms that *Cheeks* and its progeny disfavor.

Of course, it has become clear to the parties, based on the July 23 Order, that this Court did not have before it the FLSA Satisfaction Agreement to confirm that there are no unfavorable non-economic provisions contained therein. That oversight on the part of the parties has now been corrected by the attachment of the FLSA Satisfaction Agreement to this letter motion.

**B. The Agreed Upon Amount of Payments to the Nine FLSA Plaintiffs Has Been Determined Solely by Plaintiffs and the Amount of Legal Fees is Reasonable**

The amounts payable to the nine FLSA plaintiffs under the FLSA Satisfaction Agreement were determined solely by the nine FLSA Plaintiffs and their counsel. Defendants did not calculate such amounts, but because the sums were relatively modest, simply accepted the FLSA Plaintiffs' representations as to how much overtime pay they claim they were owed for working over 40 hours on any weeks, plus an equal amount of liquidated damages for which the FLSA permits recovery. Defendants and their counsel did not even discuss with Plaintiffs and their counsel how they calculated the overtime amounts payable to each of the nine FLSA Plaintiffs. In addition, in the May 29, 2024 letter to the Court by plaintiffs' counsel requesting that the Court "so order" the parties' Stipulation of Dismissal, plaintiffs' counsel "confirm that the amounts set forth above [in this letter, which are the same amounts listed in paragraph 1 of the FLSA Satisfaction Agreement] will fully satisfy all FLSA claims of the FLSA Plaintiffs."

The amount of fees payable to the lawyers for Plaintiffs ($1,832.82) is 25% of the amount payable to the nine FLSA Plaintiffs. That, too, was not the subject of discussion between the parties; defendants accepted that amount without negotiation and it is unquestionably a reasonable amount.

To the extent this Court may require reliable representations of the foregoing regarding damages and legal fees payable under the FLSA Satisfaction Agreement, the undersigned hereby certifies as a member of the bar of this Court and under penalties of perjury that the foregoing statements in the preceding two paragraphs are true and accurate in all respects.

This Court's July 23 Order requires the parties to submit to the Court their settlement agreement resolving the plaintiffs' non-federal claims. This portion of the Court's Order relies upon and

Hon. Gary Stein
July 31, 2024
Page 5

cites to the Second Circuit's *Fisher* case, noting: "Where a *settlement* dismisses *with prejudice* both FLSA and state law claims, it seems to us a district court must take into account at least the existence of the state law claims in assessing the reasonableness of the settlement." July 23 Order at 7-8 (quoting *Fisher*, 948 F. 2d at 607 n.12) (emphasis added).

By its facts, *Fisher*, however, only applies to *settlements* of FLSA claims where the full amount of the FLSA claims are being settled at less than full recovery. Presumably, when a claim is compromised, a court may have some justification to determine if the settlement is fair and reasonable. But that proposition does not apply to a resolution that fully satisfies the claims being resolved. Further, the Second Circuit's quoted language above specifically refers to a dismissal "with prejudice" as to both FLSA and state law claims. Here, however, the parties' Stipulation provides only that the fully satisfied FLSA claims be dismissed with prejudice, not the state law claims, which the Stipulation expressly states are to be dismissed "without prejudice … so that they may be re-filed by all 12 plaintiffs in the Supreme Court of the State of New York for Nassau County." Thus, it does not appear that *Fisher* contemplates that a district court would need or have authority to review a settlement of state law claims that are not being dismissed with prejudice.

Further, the other cases cited on page 8 of the July 23 Order all involve settlements of FLSA claims, not satisfaction agreements. Where the parties genuinely satisfy *fully* all federal claims in their entirety, and do so in the amounts that the plaintiffs claim they are owed, we respectfully submit that the terms of any settlement agreement resolving non-federal claims, particularly where such claims are being re-filed in state court, cannot conceivably affect "the reasonableness of the [agreement resolving the federal claims]" (Order at 8). To use the language this Court quoted from the *Fisher* case, a peripheral resolution resolving state law claims cannot conceivably affect "the total potential recovery [of the federal claims]" (*id.*) where such federal claims are being *fully satisfied*.

## C.  In the Event this Court Denies this Motion for Reconsideration or Chooses Not to Consider It, Defendants Request Permission to File a Motion to Dismiss the Federal Claims With Prejudice and the State Claims Without Prejudice

The requested motion for permission to file a motion to dismiss will be based on the same facts, circumstances, and legal authority upon which this motion for reconsideration is based, and will be brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## D.  Defendants Request an *Immediate* Stay of the July 23 Order Requiring the Filing of a *Cheeks* Motion Pending the Court's Consideration of this Motion for Reconsideration and/or Pending the Court's Consideration of Defendants' Motion to Dismiss

This motion would be rendered a nullity if the Court does not stay the filing of a *Cheeks* motion pending the Court's consideration of this motion for reconsideration. A stay will also negate the need for the parties to incur additional expenses related to the *Cheeks* motion if the Court should eventually choose to reconsider and amend its July 23 Order and/or if the Court permits defendants to file a motion to dismiss in lieu of this motion for reconsideration.

Hon. Gary Stein
July 31, 2024
Page 6

Respectfully submitted,

Richard J. Reibstein
Counsel for Defendants

Attachment (FLSA Satisfaction Agreement)

cc:  All Counsel of Record (by ECF)

## FLSA SATISFACTION AGREEMENT

*Re: Angulo et al. v. Clowns.com, Inc. et al.*
*No. 1:23-cv-10983-GS*

This FLSA Satisfaction Agreement ("Satisfaction Agreement"), by and between Plaintiffs Brayan Angulo, Miles Sullivan, Cara Stofa, Yasmine Elabd, Matthew Tierney, Will Pierson, Lia Hauser, Grayson Hampshire, and Isabella Marinucci (collectively the "FLSA Plaintiffs") and Defendants Clowns.com, Inc., Adolph Rodriguez, and Erica Barbuto (collectively "Defendants"), reflects the agreement of Defendants to satisfy in full Plaintiffs' Fair Labor Standards Act ("FLSA") claims (the only federal claims asserted against Defendants) in the matter of *Brayan Angulo et al. v. Clowns.com, Inc. et al*, Case No.:23-cv-10983 (GS) (S.D.N.Y.) (hereafter, "the Action"). The FLSA Plaintiffs and Defendants are collectively referred to herein as the "Parties."

**WHEREAS**, the FLSA Plaintiffs allege that they worked for Defendants as employees; and

**WHEREAS**, a dispute has arisen regarding the FLSA Plaintiffs' alleged employment and the terms thereof, which dispute resulted in the filing of the Action alleging, among other things, violations of federal and state wage and hour and overtime laws; and

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation in this Court;

**WHEREAS**, all Parties to this FLSA Satisfaction Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Satisfaction Agreement, and all Parties have had a full and fair opportunity to consider this Satisfaction Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, the Parties have reached an agreement as to Plaintiffs' FLSA claims after a full-day mediation with an experienced mediator, Barry Peek (hereafter, "the Mediator") whereby Defendants have agreed to pay and satisfy the full amount of the FLSA claims asserted by the FLSA Plaintiffs, without admitting that they violated the FLSA and maintaining that the FLSA Plaintiffs are not covered by that law; and

**WHEREAS**, all Parties to this Satisfaction Agreement have carefully considered other alternatives to executing this Satisfaction Agreement and have entered into this Satisfaction Agreement knowingly, voluntarily and without coercion; and

**WHEREAS**, three of the other named Plaintiffs (Cameron Pille, Janina Salorio, and Xander Black, collectively the "Non-FLSA Plaintiffs") in this Action do not have any FLSA or other federal claims against the Defendants but rather have asserted claims in this Action against Defendants under state law, and each of the FLSA Plaintiffs also have asserted state law claims in this Action against the Defendants; and

**WHEREAS**, as part of the Parties' mediated resolution with the Mediator, the Parties have also entered into a separate agreement to settle the state law claims asserted in the Action by the Non-FLSA Plaintiffs and the FLSA Plaintiffs (the "Non-FLSA Settlement Agreement"), which covers both the non-federal claims of the FLSA Plaintiffs and the non-federal claims of other Non-FLSA Plaintiffs, and as part of the Non-FLSA Settlement Agreement the Parties have agreed to proceed with all of those non-federal claims in State Court; and

**WHEREAS,** it is the Defendants' position that because Defendants are fully satisfying the FLSA claims by the FLSA Plaintiffs and because the Non-FLSA Plaintiffs have not filed any federal claims in the Action, the federal court before which the Action is pending no longer has jurisdiction of the Action over the FLSA Plaintiffs, has not had jurisdiction of the non-federal claims of the Non-FLSA Plaintiffs, and/or no longer should retain jurisdiction of the Action, and should dismiss the FLSA claims with prejudice and the Non-FLSA Claims without prejudice.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      **Payment in Full Satisfaction of the FLSA Plaintiffs' Claims Under the FLSA**

(a) In lieu of further litigation costs associated with defending the FLSA claims asserted in the Action, and in consideration for the FLSA Plaintiffs' execution of this Satisfaction Agreement, which includes a release of FLSA claims only, Defendants agree to pay the FLSA Plaintiffs the full amount of all claims for overtime totaling **Nine Thousand One Hundred and Sixty-Four Dollars and Seven Cents ($9,164.07) ("the FLSA Satisfaction Amount")**, which amount is inclusive of an equal amount of liquidated damages in accordance with the FLSA as well as attorneys' fees and costs associated with the FLSA claims only, within five (5) days of either (a) the Court's so-ordering of the parties' stipulation dismissing the FLSA claims; or (b) the Court's approval of this FLSA Satisfaction Agreement, with payment allocated to each of the FLSA Plaintiffs as follows:

| Recipient | *FLSA Satisfaction Payment* |
|---|---|
| Brayan Angulo | $1,391.25 |
| Miles Sullivan | $480 |
| Matt Tierney | $1080 |
| Yasmine Elabd | $810 |
| Cara Stofa | $540 |
| Will Pierson | $360 |
| Lia Hauser | $900 |
| Izzy Marinucci | $450 |

| Grayson Hampshire | $1,320 |
|---|---|
| Kakalec Law PLLC Attorneys' Fees and Costs Associated with FLSA Claims | $1,832.82 |
| TOTAL | $9,164.07 |

(b) The payments set forth in this Paragraph shall be transmitted either (i) by wire, or (ii) by check, with all checks to be delivered to Plaintiffs' counsel at Kakalec Law, PLLC, 80 Broad St, Suite 703, New York, NY 10004, by overnight or hand delivery.

**2. Return of Checks Previously Issued to Plaintiffs Angulo and Elabd**

Plaintiffs' counsel shall return or void prior checks sent to Plaintiffs' counsel for putative payment of the overtime worked by Brayan Angulo and Yasmine Elabd as well as liquidated damages and attorneys' fees, and shall send such checks to Defendants' counsel by mail within 3 days of the FLSA Satisfaction Payment being made.

**3. Release of FLSA Claims**

For and in return for the total FLSA Satisfaction Amount specified above and other good and valuable consideration, the FLSA Plaintiffs knowingly and voluntarily release and forever discharge the Defendants from any claims for wages, liquidated damages, attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, and its implementing regulations.

**4. No Admission of Wrongdoing**

This Satisfaction Agreement and compliance with this Satisfaction Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Defendants continue to maintain that Plaintiffs are not covered by the FLSA and are resolving the matter in order to avoid further litigation costs of this Action.

**5. Covenant Not to Sue**

The FLSA Plaintiffs and Defendants agree not to file a lawsuit or commence any other legal proceeding against each other concerning the FLSA Claims released in this Satisfaction Agreement. If either party breaches this Paragraph, as determined by the Mediator (pursuant to Paragraph 11 below), the non-breaching party will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that the non-breaching party or parties are the prevailing party or parties.

6.      **Stipulation of Dismissal of FLSA Claims**

The Parties will execute the document titled "Stipulation of Dismissal" attached hereto as Exhibit A.  Plaintiffs shall file this Stipulation within three days of Defendants' payment of the monies set forth in paragraph 1 above. The Parties consent to the jurisdiction of Mediator for the enforcement of this Agreement, pursuant to Paragraph 11 below.

7.      **Submission of Agreement for Court Approval**

The Parties acknowledge that this Agreement may be contingent upon and require Court approval.  The Parties agree they will cooperate and take all reasonable steps necessary to effectuate judicial approval of this Agreement.  In the event that additional documentation is needed to terminate the Action, the Parties shall use their reasonable best efforts to draft and provide to the Court such documentation. If required, the Parties shall jointly submit this Agreement to the Court for inspection and approval. This Agreement is not binding unless and until the Court issues an Order either (a) so-ordering the Parties' Stipulation of Dismissal; and/or (b) approving the Agreement.

8.      **Modification of the Satisfaction Agreement**

This Settlement Agreement may not be changed unless the changes are in writing and signed by proper representatives of Plaintiffs and Defendants, respectively.

9.      **No Implied Waiver.**

The failure of a Party or the Parties to insist upon strict adherence to any term of this Satisfaction Agreement on any occasion is not to be considered a waiver thereof and will not deprive a Party or the Parties of the right thereafter to insist upon strict adherence to that term or any other term of this Satisfaction Agreement.

10.     **Acknowledgments**

The FLSA Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Satisfaction Agreement except for statements, representations or promises expressly set forth in this Satisfaction Agreement. They further acknowledge and agree that the only consideration for signing this Satisfaction Agreement is as set forth in this Satisfaction Agreement.

Further, the Parties agree that in the event that any Defendant declares bankruptcy prior to payment and collection of the FLSA Satisfaction Amount in this Satisfaction Agreement, this Satisfaction Agreement shall be null and void.

11.     **Governing Law & Jurisdiction of Mediator**

This Satisfaction Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

Page 4

The Mediator shall retain the Parties' authorization to resolve any disputes relating to any breach of this Agreement on an expedited basis as an arbitrator, and is hereby given full authority to rule on any alleged breach including the authority to award a non-breaching party its actual damages. In a dispute brought to the Mediator in his capacity as arbitrator under this Agreement, the party alleging the breach shall pay the initial cost of the Mediator, subject to reimbursement should the Mediator determine that there has been a material breach of the Satisfaction Agreement.

### 12.    Enforceability

If any provision of this Satisfaction Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Satisfaction Agreement, provided, however, that upon any finding by the Meditator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the FLSA Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

For the avoidance of doubt, the short names/definitions set forth in the recitals shall be effective regardless of whether any provision herein has been found to be illegal, void, or unenforceable.

### 13.    Binding on Successors.

This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon and inure to the benefit of the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the Parties.

### 14.    Default

The Parties agree that if Defendants fail to make payment according to the schedule specified above, this would constitute a material default. In the event of a default by Defendants on their payment obligations under this Satisfaction Agreement, Plaintiffs will provide written notice of default to Defendants by email to Defendants' counsel, and Defendants shall have five days to cure such default.  If Defendants fail to cure that default, this FLSA Satisfaction Agreement shall become null and void.

### 15.    Counterparts; Electronic Signatures

To signify their agreement to the terms of this FLSA Satisfaction Agreement, the Parties have executed this Satisfaction Agreement on the date set forth opposite their signatures, which appear below. This Satisfaction Agreement may be executed in two (2) or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same

instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.  Signatures on the same document or electronic record and all counterpart signatures may be delivered via electronic mail or other electronic means (including pdf or any electronic signature complying with appliable state electronic signature law) or other transmission method and any document or electronic record or counterpart so delivered with an electronic signature shall be deemed to have been duly and validly signed and delivered and be valid and effective for all purposes.

**By signing below, the Parties agree to be bound by the terms of this Satisfaction Agreement:**

**PLAINTIFFS**:

Brayan Angulo (May 27, 2024 16:45 EDT)
BRAYAN ANGULO

Dated: 27/05/24

Miles Sullivan (May 28, 2024 08:08 EDT)
MILES SULLIVAN

Dated: 28/05/24

Matthew Tierney (May 27, 2024 17:25 EDT)
MATTHEW TIERNEY

Dated: 27/05/24

Yasmine Elabd (May 27, 2024 17:10 EDT)
YASMINE ELABD

Dated: 27/05/24

Cara Stofa (May 28, 2024 16:07 EDT)
CARA STOFA

Dated: 28/05/24

Will Pierson (May 29, 2024 06:32 EDT)
WILL PIERSON

Dated: 29/05/24

Lia Hauser (May 28, 2024 18:09 EDT)
LIA HAUSER

Dated: 28/05/24

*Isabella Marinucci*
Isabella Marinucci (May 28, 2024 09:42 EDT)                    Dated: 28/05/24
_____

IZZY MARINUCCI


*Grayson Hampshire*
Grayson Hampshire (May 27, 2024 17:05 EDT)                    Dated: 27/05/24
_____

GRAYSON HAMPSHIRE


**DEFENDANTS:**


_____                    Dated: _____

CLOWNS.COM, INC.

By: Adolph Rodriguez


_____                    Dated: _____

ADOLPH RODRIGUEZ


_____                    Dated: _____

ERICA BARBUTO

Page 7

_____
IZZY MARINUCCI

Dated: _____


_____
GRAYSON HAMPSHIRE

Dated: _____


**DEFENDANTS:**

_____

CLOWNS.COM, INC.

By: Adolph Rodriguez

Dated: 5/24/2024


_____

ADOLPH RODRIGUEZ

Dated: 5/29/2024


_____

ERICA BARBUTO

Dated: 5/29/2024


Page 7

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BRAYAN ANGULO, CAMERON PILLE,
JANINA SALORIO, and XANDER BLACK,
individually and on behalf of all others
similarly situated,

　　　　　　　　　　　　　*Plaintiffs*,

　　　　　*v.*

CLOWNS.COM, INC., ADOLPH
RODRIGUEZ a/k/a George Rodriguez a/k/a
George Adolph Rodriguez a/k/a George
Blackstone, and ERICA BARBUTO,

　　　　　　　　　　　　　*Defendants.*

Civ. Action No.: 23-cv-10983 (GS)

**STIPULATION OF DISMISSAL**

---

IT IS HEREBY STIPULATED AND AGREED, by and among all 12 Plaintiffs and all

Defendants that, pursuant to the terms of a Satisfaction Agreement covering all federal claims,

which have been brought in this civil action solely under the Fair Labor Standards Act ("FLSA")

by nine (9) Plaintiffs (Brayan Angulo, Miles Sullivan, Cara Stofa, Yasmine Elabd, Matthew

Tierney, Will Pierson, Lia Hauser, Grayson Hampshire, and Isabella Marinucci – collectively, the

"FLSA Plaintiffs") against the Defendants, the FLSA claims of the FLSA Plaintiffs are hereby

dismissed with prejudice, upon being so-ordered by this Court, with no award of counsel fees or

costs by the Court to either side, except as provided in the parties' Satisfaction Agreement; and

IT IS FURTHER STIPULATED AND AGREED, that the remaining claims by the nine

FLSA Plaintiffs under state law, and all of the claims of the remaining three (3) Plaintiffs

(Cameron Pille, Janina Salorio, and Xander Black), each and all of which claims have been

brought exclusively under state law, are hereby dismissed without prejudice, upon being so-

ordered by this Court, so that they may be re-filed by all 12 plaintiffs in the Supreme Court of the

State of New York for Nassau County.

Dated:        New York, New York

              May __, 2024


Plaintiffs Brayan Angulo, Cameron Pille,
Janina Salorio, Xander Black, Miles Sullivan,       Defendants Clowns.com, Inc., Adolph Rodriguez,
Cara Stofa, Yasmine Elabd, Matthew Tierney,         and Erica Barbuto
Will Pierson, Lia Hauser, Grayson
Hampshire, and Isabella Marinucci

By:                                                 By:


_____                   _____
Hugh Baran                                          Richard Reibstein
Kakalec Law PLLC                                    Locke Lord LLP
80 Broad Street, Suite 703                          Brookfield Place
New York, NY 10004                                  200 Vesey Street, 20th Floor
hugh@kakaleclaw.com                                 New York, NY 10281
                                                    rreibstein@lockelord.com
*Counsel for Plaintiffs*
                                                    *Counsel for Defendants*


So Ordered: _____Dated: _____, 2024
              Gary Stein, U.S.M.J.

# Angulo, FLSA Satisfaction Agrmt FINAL - FOR EXECUTION, 5-27-24

Final Audit Report                                                    2024-05-29

| | |
|---|---|
| Created: | 2024-05-27 |
| By: | Hugh Baran (hugh@kakaleclaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAd7zSWJnW5dLPsmv9AGiCDXc_B9uaoFAH |

## "Angulo, FLSA Satisfaction Agrmt FINAL - FOR EXECUTION, 5-27-24" History

📄 Document created by Hugh Baran (hugh@kakaleclaw.com)
2024-05-27 - 8:08:00 PM GMT

✉ Document emailed to Brayan Angulo (brayanangulo23@gmail.com) for signature
2024-05-27 - 8:08:06 PM GMT

✉ Document emailed to Miles Sullivan (milesmsul@gmail.com) for signature
2024-05-27 - 8:08:06 PM GMT

✉ Document emailed to Cara Stofa (caracorrigan15@gmail.com) for signature
2024-05-27 - 8:08:06 PM GMT

✉ Document emailed to Yasmine Elabd (yasmineelabd0@gmail.com) for signature
2024-05-27 - 8:08:06 PM GMT

✉ Document emailed to Matthew Tierney (mattjtierney00@gmail.com) for signature
2024-05-27 - 8:08:07 PM GMT

✉ Document emailed to Will Pierson (willcpierson@gmail.com) for signature
2024-05-27 - 8:08:07 PM GMT

✉ Document emailed to Lia Hauser (liahauser@gmail.com) for signature
2024-05-27 - 8:08:07 PM GMT

✉ Document emailed to Grayson Hampshire (graysonchampshire@gmail.com) for signature
2024-05-27 - 8:08:07 PM GMT

✉ Document emailed to Isabella Marinucci (izzymarinucci@gmail.com) for signature
2024-05-27 - 8:08:07 PM GMT

**Adobe Acrobat Sign**

Email viewed by Isabella Marinucci (izzymarinucci@gmail.com)
2024-05-27 - 8:08:32 PM GMT

Email viewed by Brayan Angulo (brayanangulo23@gmail.com)
2024-05-27 - 8:42:39 PM GMT

Document e-signed by Brayan Angulo (brayanangulo23@gmail.com)
Signature Date: 2024-05-27 - 8:45:06 PM GMT - Time Source: server

Email viewed by Grayson Hampshire (graysonchampshire@gmail.com)
2024-05-27 - 9:05:26 PM GMT

Document e-signed by Grayson Hampshire (graysonchampshire@gmail.com)
Signature Date: 2024-05-27 - 9:05:46 PM GMT - Time Source: server

Email viewed by Yasmine Elabd (yasmineelabd0@gmail.com)
2024-05-27 - 9:10:00 PM GMT

Document e-signed by Yasmine Elabd (yasmineelabd0@gmail.com)
Signature Date: 2024-05-27 - 9:10:33 PM GMT - Time Source: server

Email viewed by Matthew Tierney (mattjtierney00@gmail.com)
2024-05-27 - 9:19:59 PM GMT

Document e-signed by Matthew Tierney (mattjtierney00@gmail.com)
Signature Date: 2024-05-27 - 9:25:52 PM GMT - Time Source: server

Email viewed by Miles Sullivan (milesmsul@gmail.com)
2024-05-28 - 12:05:24 PM GMT

Document e-signed by Miles Sullivan (milesmsul@gmail.com)
Signature Date: 2024-05-28 - 12:08:08 PM GMT - Time Source: server

Document e-signed by Isabella Marinucci (izzymarinucci@gmail.com)
Signature Date: 2024-05-28 - 1:42:27 PM GMT - Time Source: server

Email viewed by Cara Stofa (caracorrigan15@gmail.com)
2024-05-28 - 8:05:19 PM GMT

Document e-signed by Cara Stofa (caracorrigan15@gmail.com)
Signature Date: 2024-05-28 - 8:07:16 PM GMT - Time Source: server

Email viewed by Lia Hauser (liahauser@gmail.com)
2024-05-28 - 10:08:55 PM GMT

Document e-signed by Lia Hauser (liahauser@gmail.com)
Signature Date: 2024-05-28 - 10:09:33 PM GMT - Time Source: server

**Adobe Acrobat Sign**

Email viewed by Will Pierson (willcpierson@gmail.com)
2024-05-29 - 10:31:26 AM GMT

Document e-signed by Will Pierson (willcpierson@gmail.com)
Signature Date: 2024-05-29 - 10:32:14 AM GMT - Time Source: server

Agreement completed.
2024-05-29 - 10:32:14 AM GMT

**Adobe Acrobat Sign**