# EXHIBIT 1

## FLSA SATISFACTION AGREEMENT

*Re: Angulo et al. v. Clowns.com, Inc. et al.*
*No. 1:23-cv-10983-GS*

This FLSA Satisfaction Agreement ("Satisfaction Agreement"), by and between Plaintiffs Brayan Angulo, Miles Sullivan, Cara Stofa, Yasmine Elabd, Matthew Tierney, Will Pierson, Lia Hauser, Grayson Hampshire, and Isabella Marinucci (collectively the "FLSA Plaintiffs") and Defendants Clowns.com, Inc., Adolph Rodriguez, and Erica Barbuto (collectively "Defendants"), reflects the agreement of Defendants to satisfy in full Plaintiffs' Fair Labor Standards Act ("FLSA") claims (the only federal claims asserted against Defendants) in the matter of *Brayan Angulo et al. v. Clowns.com, Inc. et al*, Case No.:23-cv-10983 (GS) (S.D.N.Y.) (hereafter, "the Action"). The FLSA Plaintiffs and Defendants are collectively referred to herein as the "Parties."

**WHEREAS**, the FLSA Plaintiffs allege that they worked for Defendants as employees; and

**WHEREAS**, a dispute has arisen regarding the FLSA Plaintiffs' alleged employment and the terms thereof, which dispute resulted in the filing of the Action alleging, among other things, violations of federal and state wage and hour and overtime laws; and

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation in this Court;

**WHEREAS**, all Parties to this FLSA Satisfaction Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Satisfaction Agreement, and all Parties have had a full and fair opportunity to consider this Satisfaction Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, the Parties have reached an agreement as to Plaintiffs' FLSA claims after a full-day mediation with an experienced mediator, Barry Peek (hereafter, "the Mediator") whereby Defendants have agreed to pay and satisfy the full amount of the FLSA claims asserted by the FLSA Plaintiffs, without admitting that they violated the FLSA and maintaining that the FLSA Plaintiffs are not covered by that law; and

**WHEREAS**, all Parties to this Satisfaction Agreement have carefully considered other alternatives to executing this Satisfaction Agreement and have entered into this Satisfaction Agreement knowingly, voluntarily and without coercion; and

**WHEREAS**, three of the other named Plaintiffs (Cameron Pille, Janina Salorio, and Xander Black, collectively the "Non-FLSA Plaintiffs") in this Action do not have any FLSA or other federal claims against the Defendants but rather have asserted claims in this Action against Defendants under state law, and each of the FLSA Plaintiffs also have asserted state law claims in this Action against the Defendants; and

Page 1

**WHEREAS**, as part of the Parties' mediated resolution with the Mediator, the Parties have also entered into a separate agreement to settle the state law claims asserted in the Action by the Non-FLSA Plaintiffs and the FLSA Plaintiffs (the "Non-FLSA Settlement Agreement"), which covers both the non-federal claims of the FLSA Plaintiffs and the non-federal claims of other Non-FLSA Plaintiffs, and as part of the Non-FLSA Settlement Agreement the Parties have agreed to proceed with all of those non-federal claims in State Court; and

**WHEREAS,** it is the Defendants' position that because Defendants are fully satisfying the FLSA claims by the FLSA Plaintiffs and because the Non-FLSA Plaintiffs have not filed any federal claims in the Action, the federal court before which the Action is pending no longer has jurisdiction of the Action over the FLSA Plaintiffs, has not had jurisdiction of the non-federal claims of the Non-FLSA Plaintiffs, and/or no longer should retain jurisdiction of the Action, and should dismiss the FLSA claims with prejudice and the Non-FLSA Claims without prejudice.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      **Payment in Full Satisfaction of the FLSA Plaintiffs' Claims Under the FLSA**

(a) In lieu of further litigation costs associated with defending the FLSA claims asserted in the Action, and in consideration for the FLSA Plaintiffs' execution of this Satisfaction Agreement, which includes a release of FLSA claims only, Defendants agree to pay the FLSA Plaintiffs the full amount of all claims for overtime totaling **Nine Thousand One Hundred and Sixty-Four Dollars and Seven Cents ($9,164.07) ("the FLSA Satisfaction Amount")**, which amount is inclusive of an equal amount of liquidated damages in accordance with the FLSA as well as attorneys' fees and costs associated with the FLSA claims only, within five (5) days of either (a) the Court's so-ordering of the parties' stipulation dismissing the FLSA claims; or (b) the Court's approval of this FLSA Satisfaction Agreement, with payment allocated to each of the FLSA Plaintiffs as follows:

| Recipient | *FLSA Satisfaction Payment* |
|---|---|
| Brayan Angulo | $1,391.25 |
| Miles Sullivan | $480 |
| Matt Tierney | $1080 |
| Yasmine Elabd | $810 |
| Cara Stofa | $540 |
| Will Pierson | $360 |
| Lia Hauser | $900 |
| Izzy Marinucci | $450 |

Page 2

| Grayson Hampshire | $1,320 |
|---|---|
| Kakalec Law PLLC Attorneys' Fees and Costs Associated with FLSA Claims | $1,832.82 |
| TOTAL | $9,164.07 |

(b) The payments set forth in this Paragraph shall be transmitted either (i) by wire, or (ii) by check, with all checks to be delivered to Plaintiffs' counsel at Kakalec Law, PLLC, 80 Broad St, Suite 703, New York, NY 10004, by overnight or hand delivery.

**2.      Return of Checks Previously Issued to Plaintiffs Angulo and Elabd**

Plaintiffs' counsel shall return or void prior checks sent to Plaintiffs' counsel for putative payment of the overtime worked by Brayan Angulo and Yasmine Elabd as well as liquidated damages and attorneys' fees, and shall send such checks to Defendants' counsel by mail within 3 days of the FLSA Satisfaction Payment being made.

**3.      Release of FLSA Claims**

For and in return for the total FLSA Satisfaction Amount specified above and other good and valuable consideration, the FLSA Plaintiffs knowingly and voluntarily release and forever discharge the Defendants from any claims for wages, liquidated damages, attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, and its implementing regulations.

**4.      No Admission of Wrongdoing**

This Satisfaction Agreement and compliance with this Satisfaction Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Defendants continue to maintain that Plaintiffs are not covered by the FLSA and are resolving the matter in order to avoid further litigation costs of this Action.

**5.      Covenant Not to Sue**

The FLSA Plaintiffs and Defendants agree not to file a lawsuit or commence any other legal proceeding against each other concerning the FLSA Claims released in this Satisfaction Agreement. If either party breaches this Paragraph, as determined by the Mediator (pursuant to Paragraph 11 below), the non-breaching party will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that the non-breaching party or parties are the prevailing party or parties.

6. **Stipulation of Dismissal of FLSA Claims**

The Parties will execute the document titled "Stipulation of Dismissal" attached hereto as Exhibit A.  Plaintiffs shall file this Stipulation within three days of Defendants' payment of the monies set forth in paragraph 1 above. The Parties consent to the jurisdiction of Mediator for the enforcement of this Agreement, pursuant to Paragraph 11 below.

7. **Submission of Agreement for Court Approval**

The Parties acknowledge that this Agreement may be contingent upon and require Court approval.  The Parties agree they will cooperate and take all reasonable steps necessary to effectuate judicial approval of this Agreement.  In the event that additional documentation is needed to terminate the Action, the Parties shall use their reasonable best efforts to draft and provide to the Court such documentation. If required, the Parties shall jointly submit this Agreement to the Court for inspection and approval. This Agreement is not binding unless and until the Court issues an Order either (a) so-ordering the Parties' Stipulation of Dismissal; and/or (b) approving the Agreement.

8. **Modification of the Satisfaction Agreement**

This Settlement Agreement may not be changed unless the changes are in writing and signed by proper representatives of Plaintiffs and Defendants, respectively.

9. **No Implied Waiver.**

The failure of a Party or the Parties to insist upon strict adherence to any term of this Satisfaction Agreement on any occasion is not to be considered a waiver thereof and will not deprive a Party or the Parties of the right thereafter to insist upon strict adherence to that term or any other term of this Satisfaction Agreement.

10. **Acknowledgments**

The FLSA Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Satisfaction Agreement except for statements, representations or promises expressly set forth in this Satisfaction Agreement. They further acknowledge and agree that the only consideration for signing this Satisfaction Agreement is as set forth in this Satisfaction Agreement.

Further, the Parties agree that in the event that any Defendant declares bankruptcy prior to payment and collection of the FLSA Satisfaction Amount in this Satisfaction Agreement, this Satisfaction Agreement shall be null and void.

11. **Governing Law & Jurisdiction of Mediator**

This Satisfaction Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

The Mediator shall retain the Parties' authorization to resolve any disputes relating to any breach of this Agreement on an expedited basis as an arbitrator, and is hereby given full authority to rule on any alleged breach including the authority to award a non-breaching party its actual damages. In a dispute brought to the Mediator in his capacity as arbitrator under this Agreement, the party alleging the breach shall pay the initial cost of the Mediator, subject to reimbursement should the Mediator determine that there has been a material breach of the Satisfaction Agreement.

## 12.    Enforceability

If any provision of this Satisfaction Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Satisfaction Agreement, provided, however, that upon any finding by the Meditator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the FLSA Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

For the avoidance of doubt, the short names/definitions set forth in the recitals shall be effective regardless of whether any provision herein has been found to be illegal, void, or unenforceable.

## 13.    Binding on Successors.

This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon and inure to the benefit of the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the Parties.

## 14.    Default

The Parties agree that if Defendants fail to make payment according to the schedule specified above, this would constitute a material default. In the event of a default by Defendants on their payment obligations under this Satisfaction Agreement, Plaintiffs will provide written notice of default to Defendants by email to Defendants' counsel, and Defendants shall have five days to cure such default.  If Defendants fail to cure that default, this FLSA Satisfaction Agreement shall become null and void.

## 15.    Counterparts; Electronic Signatures

To signify their agreement to the terms of this FLSA Satisfaction Agreement, the Parties have executed this Satisfaction Agreement on the date set forth opposite their signatures, which appear below. This Satisfaction Agreement may be executed in two (2) or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same

instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.  Signatures on the same document or electronic record and all counterpart signatures may be delivered via electronic mail or other electronic means (including pdf or any electronic signature complying with appliable state electronic signature law) or other transmission method and any document or electronic record or counterpart so delivered with an electronic signature shall be deemed to have been duly and validly signed and delivered and be valid and effective for all purposes.

**By signing below, the Parties agree to be bound by the terms of this Satisfaction Agreement:**

**PLAINTIFFS**:

Brayan Angulo (May 27, 2024 16:45 EDT)

BRAYAN ANGULO

Dated: 27/05/24

Miles Sullivan (May 28, 2024 08:08 EDT)

MILES SULLIVAN

Dated: 28/05/24

Matthew Tierney (May 27, 2024 17:25 EDT)

MATTHEW TIERNEY

Dated: 27/05/24

Yasmine Elabd (May 27, 2024 17:10 EDT)

YASMINE ELABD

Dated: 27/05/24

Cara Stofa (May 28, 2024 16:07 EDT)

CARA STOFA

Dated: 28/05/24

Will Pierson (May 29, 2024 06:32 EDT)

WILL PIERSON

Dated: 29/05/24

Lia Hauser (May 28, 2024 18:09 EDT)

LIA HAUSER

Dated: 28/05/24

*Isabella Marinucci*
Isabella Marinucci (May 28, 2024 09:42 EDT)
_____

IZZY MARINUCCI

Dated: 28/05/24
_____

*Grayson Hampshire*
Grayson Hampshire (May 27, 2024 17:05 EDT)
_____

GRAYSON HAMPSHIRE

Dated: 27/05/24
_____

**DEFENDANTS:**

_____

CLOWNS.COM, INC.

By: Adolph Rodriguez

Dated: _____

_____

ADOLPH RODRIGUEZ

Dated: _____

_____

ERICA BARBUTO

Dated: _____

_____                          Dated: _____

IZZY MARINUCCI


_____                          Dated: _____

GRAYSON HAMPSHIRE


**DEFENDANTS:**


_____                          Dated: 5/24/2024

CLOWNS.COM, INC.

By: Adolph Rodriguez


_____                          Dated: 5/29/2024

ADOLPH RODRIGUEZ


_____                          Dated: 5/29/2024

ERICA BARBUTO

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRAYAN ANGULO, CAMERON PILLE, JANINA SALORIO, and XANDER BLACK, individually and on behalf of all others similarly situated,<br><br>          *Plaintiffs,*<br><br>      *v.*<br><br>CLOWNS.COM, INC., ADOLPH RODRIGUEZ a/k/a George Rodriguez a/k/a George Adolph Rodriguez a/k/a George Blackstone, and ERICA BARBUTO,<br><br>          *Defendants.* | Civ. Action No.: 23-cv-10983 (GS)<br><br>**STIPULATION OF DISMISSAL** |

IT IS HEREBY STIPULATED AND AGREED, by and among all 12 Plaintiffs and all Defendants that, pursuant to the terms of a Satisfaction Agreement covering all federal claims, which have been brought in this civil action solely under the Fair Labor Standards Act ("FLSA") by nine (9) Plaintiffs (Brayan Angulo, Miles Sullivan, Cara Stofa, Yasmine Elabd, Matthew Tierney, Will Pierson, Lia Hauser, Grayson Hampshire, and Isabella Marinucci – collectively, the "FLSA Plaintiffs") against the Defendants, the FLSA claims of the FLSA Plaintiffs are hereby dismissed with prejudice, upon being so-ordered by this Court, with no award of counsel fees or costs by the Court to either side, except as provided in the parties' Satisfaction Agreement; and

IT IS FURTHER STIPULATED AND AGREED, that the remaining claims by the nine FLSA Plaintiffs under state law, and all of the claims of the remaining three (3) Plaintiffs

(Cameron Pille, Janina Salorio, and Xander Black), each and all of which claims have been

brought exclusively under state law, are hereby dismissed without prejudice, upon being so-

ordered by this Court, so that they may be re-filed by all 12 plaintiffs in the Supreme Court of the

State of New York for Nassau County.

Dated:        New York, New York

              May __, 2024


Plaintiffs Brayan Angulo, Cameron Pille,
Janina Salorio, Xander Black, Miles Sullivan,    Defendants Clowns.com, Inc., Adolph Rodriguez,
Cara Stofa, Yasmine Elabd, Matthew Tierney,     and Erica Barbuto
Will Pierson, Lia Hauser, Grayson
Hampshire, and Isabella Marinucci

By:                                              By:


_____                 _____
Hugh Baran                                       Richard Reibstein
Kakalec Law PLLC                                 Locke Lord LLP
80 Broad Street, Suite 703                       Brookfield Place
New York, NY 10004                               200 Vesey Street, 20th Floor
hugh@kakaleclaw.com                              New York, NY 10281
                                                 rreibstein@lockelord.com
*Counsel for Plaintiffs*
                                                 *Counsel for Defendants*



So Ordered: _____Dated: _____, 2024
              Gary Stein, U.S.M.J.